JAMES P. KEMP, ESQUIRE
Nevada Bar No.: 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183 tel./(702) 258-6983 fax
jp@kemp-attorneys.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRACEY EGINTON,<br><br>                         Plaintiff,<br>vs.<br><br>SEGA SAMMY CREATION USA INC., a Nevada corporation,<br><br>                         Defendant. | Case No.: 2:25:-cv-01115-CDS-DJA<br><br>**ORDER RE:**<br><br><u>PLAINTIFF'S EX PARTE MOTION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT</u><br><br>[FIRST REQUEST] |

COMES NOW PLAINTIFF by and through her counsel of record, JAMES P. KEMP, ESQ, and pursuant to FRCP Rules 4 and 6 hereby moves the Court for an Order extending time to serve process on Defendant SEGA SAMMY CREATION USA INC. for a period of ninety (90) days) through and including **December 18, 2025.**  This Motion is made upon the papers and pleadings set forth herein and attached hereto.  The request for an extension of time is made in good faith and not for purposes of delay. This is the first request for an extension of this deadline and is made prior to the current 90 day deadline to serve process on the Defendant which is currently Friday, September 19, 2025

Dated this 14th day of September, 2025.

                                                        /s/ James P. Kemp
                                                        JAMES P. KEMP, ESQUIRE
                                                        *Attorneys for Plaintiff*

1

## POINTS AND AUTHORITIES

### I. INTRODUCTION

This case was filed with the court on June 21, 2025. This makes the 90 day deadline to serve the summons and complaint on Defendant Sega Sammy Creation USA Inc. September 19, 2025. This Motion is being brought in accordance with LR-IA 6-1, FRCP Rule 6, and FRCP 4(m). (*See generally* Ex. A. Kemp Decl).

In summary, this case is a retaliation case under Title VII of the Civil Rights Act of 1964 and NRS 613.340 that alleges that the Defendant retaliated against Plaintiff in the process of filing and prosecuting allegedly meritless and frivolous counterclaims in Plaintiff's discrimination case currently pending in Nevada state court in the Eighth Judicial District Court, Case No. A-23-877502-C. This case in this court is based upon a new EEOC charge that was filed and administratively exhausted AFTER the deadline to amend to add new claims in the state court case had expired and also because this case is based upon a separate nucleus of operative fact that is not the same as the state court case.

For a month or more the parties have been discussing a global settlement of their disputes. On September 2, 2025 in open court in the state court action the parties agreed to stipulate to a 60-day stay of the state court case so that they can pursue a settlement conference in state court or a private mediation. The parties are working on finalizing the stipulation and ultimately scheduling the settlement conference or mediation. The Plaintiff believes that this case in federal court should not be served, and litigation of issues should not begin in this court, until after the settlement efforts of the parties have been concluded. Accordingly, the Plaintiff asserts that there is good cause to extend time to serve process on the Defendant in this case for 90 days, until after the 60-day period of the stay of the state court action has either ended or the parties have reached the desired global resolution of their disputes. Plaintiff also intends to amend the current complaint based upon events that have transpired since this action was filed on June 21, 2025.

**II. ARGUMENT**

A. **Good cause exists to grant Plaintiff's Motion to Extend Time for Service of Process on Defendant.**

The facts set forth in the Declaration of James P. Kemp, Esq. (Exhibit A attached hereto) is incorporated here by this reference as though fully set forth herein.

Federal Rules of Civil Procedure (FRCP) Rule 6(b) provides in relevant part:

> (1) In General: When an act may or must be done within a specified time, the court may, for good cause, extend time: (A) with to without motion or notice if the court acts, or is a request is made.

Fed. R. Civ. P. 6.

Furthermore, the Rule which governs the time limit for service in Federal Court says "[if] a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). This Rule "require[s] a court to extend time if good cause is shown and ... allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Matasareanu v. Williams,* 183 F.R.D. 242, 245 (C.D. Cal. 1998), citing *Petrucelli v. Bohringer and Ratzinger, GMBH Ausdereitungsanlagen,* 46 F.3d 1298, 1305 (3d Cir.1995). It is important to note that this Motion is being filed BEFORE the 90-day period under Rule 4(m) has expired. Accordingly, the Plaintiff does NOT have to show excusable neglect, simply good cause and Plaintiff knows of no court that would decline to hold that giving parties time to mediate and attempt to settle the dispute globally is good cause. It certainly is good cause to attempt to resolve the case before any litigation, work, or judicial resources are required. With good cause shown, the court "must" grant an extension for an appropriate time under Rule 4(m). Ninety (90) days is an appropriate time given the 60-day stay in place in state court for the purposes of mediation or a settlement conference. The proposed

3

extension is for 30 days after the expiration of the agreed stay that the state court has approved for this purpose. The new requested deadline for serving process on Defendant is December 18, 2025.

### III. CONCLUSION

Plaintiff respectfully request this Court to issue an Order permitting Plaintiff an additional 90-day period to perfect service against Defendant Sega Sammy Creation USA Inc. which will make the new deadline for service of the summons and complaint (or planned amended complaint) to be December 18, 2025.

DATED September 14, 2025

        /s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No.: 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130

*Attorneys for Plaintiff*

### ORDER

**IT IS SO ORDERED:**

Dated this ___16th___ day of September, 2025

_____
UNITED STATES MAGISTRATE JUDGE

4

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a copy of the foregoing motion was served on the following as indicated:

All Parties Registered
Through the CM/ECF system.

Dated September 14, 2025

                                               /s/ James P. Kemp
                                   An employee of KEMP & KEMP, Attorneys at Law

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

## INDEX TO EXHIBITS

1. Declaration of James P. Kemp, Esq.

# EXHIBIT A

Declaration of James P. Kemp, Esq.

# EXHIBIT A

JAMES P. KEMP, ESQUIRE
Nevada Bar No.: 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183 tel./(702) 258-6983 fax
jp@kemp-attorneys.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRACEY EGINTON,<br><br>        Plaintiff,<br>vs.<br><br>SEGA SAMMY CREATION USA INC., a Nevada corporation,<br><br>        Defendant. | Case No.: 2:25:-cv-01115-CDS-DJA<br><br>**DECLARATION OF JAMES P. KEMP IN SUPPORT OF EX PARTE MOTION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT** |

COMES NOW JAMES P. KEMP, ESQ., and hereby declares under penalty of perjury as follows:

1. I am a resident of Clark County, Nevada, and over the age of eighteen (18) years of age.

2. I am an attorney duly licensed to practice before all courts within the State of Nevada, including the United States District Court for the District of Nevada. I am counsel of record for Plaintiff, Tracey Eginton.

3. I make this declaration of my own personal knowledge and each assertion contained herein is true and correct to the best of my knowledge, except those assertions made upon information and belief, and as to those assertions, I believe them to be true. If called to testify to the matters contained in this declaration, I would competently testify to the same.

1

4. Pursuant to Fed. R. Civ. P. 4(m), the time required to serve a summons and complaint filed on June 21, 2025 is 90 days. The last say to serve Defendant Sega Sammy Creation USA Inc pursuant to under Rule 4(m) is September 19, 2025 which is a date that has not passed as of the filing of the Plaintiff's motion seeking to extend the deadline.

5. Since Defendant Sega Sammy Creation USA Inc. has not appeared in this matter, filing on an ex parte basis is proper.

6. This case arises out of allegedly frivolous, meritless, and retaliatory counterclaims brought by, or financed by, Defendant Sega Sammy Creation USA Inc. against Ms. Eginton in Nevada State Court. These retaliatory counterclaims were brought, and are allegedly being abusively prosecuted, to punish, harass, and retaliate against Ms. Eginton because of her protected opposition to illegal discrimination, harassment, and retaliation in bringing her claims under NRS 613.330 and 613.340. The state statute and Title VII of the Civil Rights Act of 1964 afford relief for retaliation through a civil action. Ms. Eginton has separately exhausted her administrative avenues through a charge that was dual-filed with the U.S. Equal Employment Opportunity Commission (EEOC) and the Nevada Equal Rights Commission (NERC). EEOC issued a Right to Sue notice and Ms. Eginton timely filed this case.

7. On September 2, 2025, after several weeks of settlement discussions between the parties, the parties were in state court for a motion hearing and in that hearing the parties agreed to stipulate to, and Judge Timothy Williams approved, a 60-day stay of the state court case while the parties participate in a court settlement conference or a private mediation in pursuit of a global resolution of all disputes between the parties which would include the claims brought by Ms. Eginton in this federal court civil action.

8. I believe that service of process in this case should be extended and delayed while the settlement conference or mediation is pursued for several reasons, chief among them, so that the

2

parties are not required to proceed with the litigation in this case, thereby expending resources and doing work which may prove unnecessary and consuming judicial resources that may not need to be consumed. Further, it may very well complicate and negatively impact the settlement discussions and mediation of the parties' disputes if Defendant is served with this lawsuit at this time. It serves no purpose to anger or upset Defendant by serving this lawsuit while the parties are earnestly pursuing a global settlement which, if achieved, will result in a Rule 41(a)(1) dismissal of this action.

9. I believe that good cause is shown for the extension of the deadline to serve process on Defendant in this case by 90 days, through and including December 18, 2025.

FURTHER, THE DECLARANT SAYETH NAUGHT.

DATED September 14, 2025

                                                   /s/ James P. Kemp
                                                   JAMES P. KEMP, ESQ.

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983